IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 13-40944 |
| DOMISTYLE, INC., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

**RECEIVER'S MOTION TO EXCUSE COMPLIANCE WITH 11 U.S.C. § 543 AND TO CONFIRM AUTHORITY OF RECEIVER TO MANAGE THE DEBTOR**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION / OBJECTION / APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Milo H. Segner, Jr. (the "Receiver"), the duly appointed receiver for Domistyle, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his *Motion to Excuse Compliance with 11 U.S.C. § 543 and to Confirm Authority of Receiver to Manage the Debtor* (the "Motion"), respectfully stating as follows:

**I.      PROCEDURAL BACKGROUND**

1.      On or about April 4, 2013, the 134th District Court of Dallas County, Texas (the "State Court") ordered the appointment of the Receiver as a general receiver for the Debtor.  The

State Court specifically authorized the Receiver to commence a bankruptcy case for the Debtor and to act on behalf of the Debtor as a "debtor-in-possession."

2.    On April 12, 2013 (the "Petition Date"), the Receiver caused the Debtor to file its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby commencing the Bankruptcy Case and creating the Debtor's bankruptcy estate (the "Estate").

3.    This Court has jurisdiction over the Bankruptcy Case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).

## II.    FACTUAL BACKGROUND

4.    The Debtor is in the business of designing, manufacturing, and selling scented candles and related decor.  Most of the Debtor's customers include large national and international retailers.  Towards this end, the Debtor owns and maintains a factory and warehouse in Laredo, Texas, and the Debtor maintains corporate offices in North Texas.  The Debtor's principal secured lender is Frost Bank, with debt of approximately $21 million.  The Debtor has substantial other creditors, including trade creditors, landlords, lenders, equipment lessors, utilities, and taxing authorities.  The Debtor's principal assets consist of real estate and improvements, accounts receivable, inventory, equipment, intellectual property, and general business intangibles.  In March, 2013, the Debtor reached the limits of its funding from Frost Bank and essentially ran out of funds to continue operations.

5.    In April, 2013, Frost Bank filed a petition with the State Court against the Debtor, among others, including an application for the appointment of a receiver for the Debtor.  Among other things, it appears that some of the Debtor's books and records, and that some of its

reporting to Frost Bank, may have been inaccurate.  For these and other reasons, the State Court

ordered the appointment of the Receiver displacing, in the process, the Debtor's management.

6.      The Receiver has commenced the process of reviewing the Debtor's business,

books and records, receivables, inventory, and potential litigation claims.  In order to obtain

access to "Chapter 5" claims, to obtain the protection of the automatic stay, and to obtain the

potential of a section 363 of the Bankruptcy Code sale, the Receiver determined that it was in the

best interests of the Estate and all of its creditors and parties-in-interest to commence the

Bankruptcy Case.  In that manner, the Receiver, and all interested parties, will have the time, the

"breathing spell," and the funding to review their options for the future of the Debtor, while

preserving any going concern value and while preserving all assets of the Estate.

### III.   RELIEF REQUESTED

7.      By this Motion, the Receiver requests an order from the Court confirming that he

has exclusive management and corporate governance control of the Debtor, as a debtor-in-

possession.  The Receiver further requests an order determining that the Receiver is not subject

to section 543 of the Bankruptcy Code or that, if he is, he is excused from complying with

subsections (a), (b), and (c) thereof.

### IV.   ARGUMENTS AND AUTHORITIES

#### A.   THE ROLE OF THE RECEIVER

8.      Attached hereto as Exhibit "A" and incorporated herein is that certain *Order*

*Appointing Receiver* (the "Receivership Order") as entered by the State Court.  Pursuant to the

Receivership Order, the Receiver is appointed as a "general" receiver for the Debtor; *i.e.* the

Receiver is not a "special" receiver appointed for a specific purpose, such as to collect a

creditor's collateral, manage litigation, or investigate any given transaction.  Thus, the Receiver

has "the general authorization to take possession of all of [Debtor's] assets and to do all acts

necessary to properly and lawfully operate its affairs." *See* Receivership Order.

9.       Furthermore, the Receivership Order specifically provides that:

> the Receiver shall have the authority to file a petition under Title 11 of the United
> States Code and to commence a bankruptcy case on behalf of the Receivership
> Entity with the authority to act on behalf of the debtor and/or debtor-in-
> possession.

*See* Receivership Order at p. 2.  Even absent this specific authority from the State Court, it is

clear that, under general law, the Receiver has the authority to file the Bankruptcy Case for the

Debtor.  *See, e.g., In re StatePark Building Group, Ltd.*, 316 B.R. 466, 471-72 (Bankr. N.D. Tex.

2004).

10.      More importantly, when a general receiver is appointed under Texas law, the

receiver "displaces and supersedes in its entirety the pre-receivership management of an entity."

*Id*. at 471.  *Accord Chitex Communication Inc. v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994)

("Texas law asserts that the receiver has the full rights that the corporation had").  This is all the

more so here, where the Receivership Order provides that the Receiver is to "make **all** executive

and managerial decisions."  *See Receivership Order* at p. 1 (emphasis added).  Simply put, there

is no longer any management of the Debtor, other than the Receiver and the Receiver alone.

11.      This conclusion is confirmed by the case law.  As recently held by one district

court:

> once the receiver filed the bankruptcy petition, his role as receiver terminated, but
> his role as *manager* of the bankrupt entities continued, and the management of a
> bankrupt entity that files in Chapter 11 is automatically authorized to act as the
> debtor-in-possession, since under the Bankruptcy Code, the term 'debtor-in-
> possession' quite simply 'means debtor.'  The fact that the receiver becomes, by
> operation of the Bankruptcy Code, a debtor-in-possession once a bankruptcy
> petition is filed is critical because a debtor-in-possession is not a 'custodian'
> within the meaning of the Bankruptcy Code, see 11 U.S.C. § 101(11), and
> therefore is not required to deliver the debtor's assets to the trustee.

*S.E.C. v. Byers*, 592 F. Supp. 2d 532, 539 (S.D.N.Y. 2008) (emphasis in original) (internal

citations and quotations omitted).  *See also In re Bayou Group LLC*, 363 B.R. 674, 687-88

(S.D.N.Y. 2007) (affirming denial of US Trustee's motion to appoint Chapter 11 trustee in case

with prepetition receiver: "[w]hen Marwil caused the Bayou entities to file for Chapter 11

bankruptcy one month after his appointment, Marwil's status as corporate governor

automatically blossomed into that of debtor-in-possession").

12.      In the *Byers* opinion quoted above, the receivership order did not designate the

receiver as the debtor-in-possession.  Nevertheless, the district court concluded that "the

Receiver would automatically succeed to that role by operation of the Bankruptcy Code."  *Id*.

Here, however, the Receivership Order specifically provides that the Receiver shall have the "the

authority to act on behalf of the debtor and/or debtor-in-possession."  If anything, therefore, the

conclusion that the Receiver manages the Debtor as debtor-in-possession under the Bankruptcy

Code is all the more clear.  Thus, the Debtor has all of the powers and duties of a debtor-in-

possession under the Bankruptcy Code, including specifically section 1107 and section 1108, and

it is the Receiver who makes all decisions for the Debtor as such.

13.      In fact, it is state law, and not the Bankruptcy Code, that determines who has the

authority to file a bankruptcy petition and who manages a debtor.  *See, e.g., In re Teleglobe

Communications Corp.*, 493 F.3d 345, 385 n. 37 (3d Cir. 2007) ("only the law of the state of

incorporation governs and determines issues relating to a corporation's internal affairs"); *In re

Stavola/Manson Elec. Co. Inc.*, 94 B.R. 21, 24 (Bankr. D. Conn.) ("[t]he determination of who

has the power of management is governed by state law").  Thus, for example, the question of

authority to commence a bankruptcy case is a question under state law only.  *See, e.g., In re

Monterey Equities—Hillside*, 73 B.R. 749, 752 (Bankr. N.D. Tex.) ("[s]ince the state court

authorized the receiver to manage the partnership, he also has the authority to commence a bankruptcy case"). Here, the State Court has specifically vested the Receiver with all management and corporate governance authority, which applies after the Petition Date as it did before.

14. Therefore, pursuant to Texas law and the Receivership Order, the Receiver is the sole management of the Debtor and, even if the Receiver is displaced by the filing of the Bankruptcy Case, he remains the sole and exclusive management of the Debtor as a debtor-in-possession. As such, he controls the Debtor and the exercise by the Debtor of all powers and duties as a debtor-in-possession.

## B.   SECTION 543 OF THE BANKRUPTCY CODE DOES NOT APPLY

15. Section 543 of the Bankruptcy Code applies to a "custodian." 11 U.S.C. § 543(a). The Bankruptcy Code defines custodian as, among other things, "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title," and "trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors." *Id*. at § 101(11)(A) & (C).

16. Here, it is true that the Receiver is a receiver. However, the receiver was not appointed by the State Court over discrete "property of the debtor," or for "the purpose of enforcing a lien against such property," or to administer property "for the benefit of the debtor's creditors." Rather, the Receiver here is a true "equity" or "general" receiver appointed to manage and operate the Debtor as he sees fit, subject to his duties and subject to court authority. Moreover, even if section 543 of the Bankruptcy Code applies and terminates the receivership,

the Receiver remains in sole and exclusive management of the Debtor, meaning that, under

section 543 of the Bankruptcy Code, the Receiver would merely turn over property to himself

and account to himself.  As in *S.E.C. v. Byers*, 592 F. Supp. 2d 532, 539 (S.D.N.Y. 2008):

> The fact that the receiver becomes, by operation of the Bankruptcy Code, a debtor-in-possession once a bankruptcy petition is filed is critical because a debtor-in-possession is not a 'custodian' within the meaning of the Bankruptcy Code, see 11 U.S.C. § 101(11), and therefore is not required to deliver the debtor's assets to the trustee.

*Id*.

17.     This is not the typical case where a company files a bankruptcy petition but, prior

to such filing, a receiver took possession of discrete property of the company (as would be the

case with a receiver appointed to operate a hotel, a factory, or an apartment complex for the

benefit of a given secured lender).  Rather, this is the case where *the company* itself has filed a

Chapter 11 petition and is acting as a debtor-in-possession, albeit under the sole and exclusive

management of the Receiver.  There is nothing for the Debtor to turn over to itself.

18.     Accordingly, the Receiver requests an order from the Court holding that section

543 of the Bankruptcy Code does not apply to this Bankruptcy Case.

**C.     RELIEF FROM SECTION 543 OF THE BANKRUPTCY CODE**

19.     If the Court concludes that the Receiver is a "custodian" within the meaning of

section 543 of the Bankruptcy Code, sections 543(a), (b), and (c) impose various duties on a

custodian.  These duties include the requirement that the custodian "not make any disbursement

from, or take any action in the administration of, property of the debtor, proceeds, product,

offspring, rents, or profits of such property, or property of the estate, in the possession, custody,

or control of such custodian, except such action as is necessary to preserve such property," and

they require the custodian to "deliver to the trustee any property of the debtor held by or

transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property,

that is in such custodian's possession, custody, or control on the date that such custodian acquires

knowledge of the commencement of the case." 11 U.S.C. § 543(a) and (b).

20.     However, section 543 of the Bankruptcy Code also provides that, after notice and

an opportunity for a hearing, the Court:

> may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property.

11 U.S.C. § 543(d)(1).

21.     Here, excusing compliance with section 543 of the Bankruptcy Code, to the extent

it otherwise applies, is in the best interests of the creditors of the Debtor and the Estate for at

least the following reasons:

- the Receiver and his agents already have an understanding of the Debtor's business, assets, liabilities, and transactions, and the Receiver has prepared a preliminary go-forward plan for the Debtor;

- the Receiver has taken possession of the Debtor's books and records and has actively and substantially commenced his management of the Debtor and its property;

- the Receiver has interviewed many of the key individuals, has toured the Debtor's various facilities, and has made adequate provision to safeguard and store the property of the Estate, including by having the Debtor retain various critical personnel;

- the Receiver has already negotiated a short, prepetition loan from Frost Bank, and has negotiated cash collateral usage and potential postpetition financing from Frost Bank, which will only benefit the Estate and all of its creditors as the Receiver works to maximize the value of the Estate and its assets for the benefit of all;

- the Receiver is a fiduciary to all creditors and does not, and will not, act in the interests of any given creditor or party-in-interest;

- Frost Bank, likely the only source of funding for the Debtor, has no confidence in the Debtor's previous management and will not advance funds necessary for the Debtor to maximize value for all creditors if the Debtor's management is reinstated;

- there is no management of the Debtor to reinstate anyway, since the Receiver has displaced all management and is the exclusive and sole corporate governing authority for the Debtor;

- compliance with sections 543(a), (b), and (c) is futile and needlessly expensive, because the result would simply be that the Receiver would turn over property in his possession, etc., as a receiver, to himself as the management of the Debtor;

- the Receiver and the Debtor will prepare schedules, a statement of financial affairs, and various reports required in the Bankruptcy Case, which will inform all interested parties of all material issues and facts concerning the Debtor, its transactions, its assets and liabilities, and its transfers; and

- the Receiver will be subject to the jurisdiction of this Court and to the United States Trustee, thus providing full transparency, accountability, and the need for Court approval.

22.     The Receiver therefore submits that the interests of the Estate and of all creditors are best served by excusing any compliance with sections 543(a), (b), or (c) of the Bankruptcy Code. The Receiver is the sole manager of the Debtor and will manage the Debtor in this Bankruptcy Case with full knowledge of, advice concerning, and assistance with all fiduciary and other duties, subject to the jurisdiction and authority of this Court.

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, the Receiver, for himself and for the Debtor, respectfully requests that the Court enter an order: (i) granting this Motion; (ii) confirming that the Receiver is the sole and exclusive manager of the Debtor, as a debtor-in-possession, with all the powers of the same; (iii) confirming that sections 543(a), (b), and (c) of the Bankruptcy Code do not apply to the Receiver; (iv) alternatively, excusing compliance with

the same under section 543(d) of the Bankruptcy Code; and (v) granting the Receiver and the

Debtor such other and further relief to which they may be entitled.

 RESPECTFULLY SUBMITTED this 15th day of April, 2013.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ Davor Rukavina
  Davor Rukavina
  Texas Bar No. 24030781
  Jonathan L. Howell
  Texas Bar No. 24053668
  3800 Lincoln Plaza
  500 N. Akard Street
  Dallas, Texas  75201-6659
  Telephone: (214) 855-7500
  Facsimile: (214) 855-7584

**PROPOSED ATTORNEYS THE RECEIVER /
DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that, on this the 15th day of April, 2013, he caused true and correct copies of this document, with the exhibit thereto and the proposed order thereon, to be served by e-mail on the parties listed below and by U.S. first class mail, postage prepaid, on the parties listed on the attached Matrix.

 US Trustee (John.M.Vardeman@usdoj.gov)
 Will Medford, Esq. (wmedford@qslwm.com)
 Arnie Cavazos, Esq. (acavazos@chfirm.com)

By:  /s/ Davor Rukavina
  Davor Rukavina
  Texas Bar No. 24030781

RECEIVER'S MOTION TO EXCUSE COMPLIANCE WITH 11 U.S.C. § 543 AND TO CONFIRM
AUTHORITY OF RECEIVER TO MANAGE THE DEBTOR – Page 10

MHDocs 4357517_1 13825.1